Filed 5/6/16

CERTIFIED FOR PUBLICATION


# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Calaveras)

----


| | |
|---|---|
| THE PEOPLE, | C080099 |
| Plaintiff and Respondent, | (Super. Ct. Nos. F2763, F2825, 11F5155) |
| v. | |
| TONY DALE JOHNSTON, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Calaveras County, John E. Martin, Judge. Affirmed with directions.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2003, defendant Tony Dale Johnston entered guilty pleas to unlawful possession of a firearm (case No. F2763), and to first degree burglary, unlawfully taking or driving a vehicle, and arson of a vehicle (case No. F2825). The trial court sentenced him to state prison for over six years in the two matters. In 2011, defendant entered guilty pleas to possessing methamphetamine and receiving stolen property (case No. 11F5155). The trial court sentenced him to a two-year state prison term.

In May 2015, defendant filed a petition in propria persona to reduce these felony convictions to misdemeanors (as well as a 1999 conviction for receiving stolen property that is not pertinent to this appeal) pursuant to Penal Code section 1170.18.[1] He asked that the trial court "broadly and liberally" construe section 1170.18 to apply to all of these offenses, even if they did not all "fi[t] squarely into [the] mold set forth in this act." The petition does not provide any further information about the circumstances underlying the convictions. Defendant noted that he was presently serving an 11-year prison term for a 2014 conviction in a Tuolumne County case for criminal threats, and asserted that drugs or alcohol had fueled all of his crimes, stemming from his bipolar disorder, hyperactivity, and depression.

The prosecution opposed reduction of the 2003 convictions because they were not eligible offenses. It did not object to reduction of the 2011 methamphetamine conviction, but stated the value of the property at issue in the other 2011 conviction was a vehicle worth more than $950. The trial court denied relief for the facially ineligible offenses, reduced the methamphetamine conviction to a misdemeanor, and after holding a hearing (at which defendant appeared through counsel) denied relief on the other 2011 conviction because it involved property valued at more than $950. Defendant appealed from the adverse rulings in the three cases.

---

[1] Undesignated statutory references are to the Penal Code.

2

Defendant challenges only the ruling denying relief as to his 2003 conviction for unlawfully taking or driving a vehicle (case No. F2825). (A Feb. 2003 notice in the record of case No. F2763 of a violation of probation indicates the vehicle was a 1995 Jeep Wrangler.) Defendant also notes that the trial court failed to issue an amended abstract of judgment for the 2011 convictions (case No. 11F5155), a point the People concede. We shall affirm the order and direct the trial court to issue a corrected abstract of judgment to reflect the reduction of the drug conviction to a misdemeanor.

We do not need to add any further facts to the introduction. We therefore proceed to the Discussion.

## DISCUSSION

This is not a novel issue. However, the California Supreme Court will be the only voice on the question.[2] As we await its word, we will adhere to our viewpoint that unlawfully taking or driving a vehicle does not come within the ambit of section 1170.18, and allow defendant to preserve the issue for further review.

The initiative enacting section 1170.18 prospectively reduced three specific drug possession offenses to misdemeanors (Health & Saf. Code, §§ 11350, 11357, 11377), as well as forging or writing bad checks (§§ 473, 476a), receiving stolen property (§ 496),

---

[2] The issue of whether section 1170.18 applies to the offense of unlawful taking or driving a vehicle (Veh. Code, § 10851) because it is a lesser included offense of section 487, subdivision (d) is presently before our Supreme Court in *People v. Ortiz*, review granted and holding for lead case, March 16, 2016, S232344; *People v. Haywood*, review granted and holding for lead case, March 9, 2016, S232250; and *People v. Page*, review granted January 27, 2016, S230793 [extension of time granted for answer brief]. In two other cases, there have been grants of rehearing. (*People v. Orozco* (D067313, rehg. granted Feb. 8, 2016); *People v. Gomez* (E062867, rehg. granted Jan. 11, 2016, subsequent opn. not certified for pub.).) A recent case, which is not yet final (for which reason we do not rely on it as precedent), is in accord with our analysis. (*People v. Solis* (2016) 245 Cal.App.4th 1099 (*Solis*), petn. for review pending, petn. filed Apr. 27, 2016, S234150.)

3

and petty theft. It accomplished the latter with the addition of section 490.2, which now defines "petty theft" as involving "money, labor, real or personal property" with a value less than $950 "[n]otwithstanding Section 487" (which had specifically defined "[g]rand theft" on the basis of value or *type* of property) "or any *other* provision of law *defining grand theft*" (§ 490.2, subd. (a), italics added). The initiative additionally amended section 666 (also called "petty theft with a prior") to allow wobbler punishment for recidivists who are otherwise disqualified from the reach of the initiative. Finally, it added the new misdemeanor of "shoplifting" (§ 459.5). (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) Official Title and Summary of Prop. 47, p. 34 (2014 Voter Guide); see also *id.*, text of Prop. 47, §§ 5–13, pp. 71–73.)

In section 1170.18, the initiative provided a means of retrospective relief (for defendants who are either serving a sentence or have completed a sentence for a prior conviction) through a petition for resentencing *if* the prior conviction would have been a misdemeanor "had this [initiative] been in effect at the time of the offense." (§ 1170.18, subds. (a) & (f).) As Vehicle Code section 10851 allowed and *continues to allow* for sentencing either as a misdemeanor *or a felony*, a conviction for unlawful taking or driving does not come within the plain language of this criterion. This undermines the premise of defendant's appeal, because it is accordingly illogical to *construe* one portion of section 1170.18 as including a statute that under the *express* terms of section 1170.18 is not eligible for retrospective relief. This illogic is further demonstrated in section 666, which lists unlawful taking or driving as a qualifying prior conviction separately from either grand or petty theft, which would be surplusage if the references to theft in section 1170.18 are supposed to be construed as including Vehicle Code section 10851.[3] We therefore do not need to engage in any "construction."

---

[3] *Solis* is the first case to remark on this latter point ("*Rule Against Surplusage*"). (*Solis*, *supra*, 245 Cal.App.4th at pp. 1110-1111.)

4

Furthermore, the reasoning underlying defendant's construction of section 1170.18 is not persuasive. He cites to the general objectives of the framers of the initiative, and the call therein for liberal construction of the statute. (See 2014 Voter Guide, *supra*, text of Prop. 47, §§ 2, 18, pp. 70, 74.) Arguing that wrongfully taking or driving a vehicle can be a lesser included offense of section 487 (a point we accept arguendo), defendant then contends it would be illogical for the electorate to punish petty theft of a $950 vehicle as a misdemeanor while punishing the unlawful taking or driving of a $950 vehicle as a wobbler.[4]

As we have recently explained, in the face of unambiguous statutory language we cannot rely on an inchoate legislative purpose as a basis for departing from the text. (*County of Sonoma v. Cohen* (2015) 235 Cal.App.4th 42, 48.) This is true *even* where legislation calls for "liberal construction." (E.g., *Foster v. Workers' Comp. Appeals Bd.* (2008) 161 Cal.App.4th 1505, 1510 [workers' compensation law].) The essence of lawmaking is the choice of deciding to what extent a particular objective outweighs any competing values, and a court in the guise of interpretation should not upset this balance where it is spelled out in the text of a statute. (*County of Sonoma*, at p. 48.) A recent case thus finds that liberal construction is not a basis to include attempted vehicular burglary (§ 459), another offense that section 1170.18 unambiguously omits.[5] (*People v. Acosta* (2015) 242 Cal.App.4th 521, 526 (*Acosta*).)

---

[4] Defendant also invokes *In re Estrada* (1965) 63 Cal.2d 740, which established the principle that a legislative amendment reducing punishment yields an "inevitable" intrinsic inference of retroactive application to all cases not yet final on appeal absent some form of "saving clause" from which a court can find an intent for prospective application. (*Id*. at pp. 744-745, 747-748.) This principle does not have any relevance in the present context, there not being any express amendment of Vehicle Code section 10851.

[5] However, section 459.5 does bring section 459 within its ambit. If the facts underlying a previous conviction for felony second degree commercial burglary under section 459

The plain language of section 1170.18 selected only a few provisions of the Health and Safety Code and the Penal Code as offenses to designate as misdemeanors from the multitude of overlapping crimes. This careful parsing of related items invokes one of those Latin phrases that courts love to brandish: "*Expressio unius est exclusio alterius*," under which the inclusion of only certain items in an associated group gives rise to a strong inference of a deliberate legislative choice to exclude any items not mentioned, absent a compelling indication of legislative intent to the contrary. (*Strang v. Cabrol* (1984) 37 Cal.3d 720, 725; *The Formula Inc. v. Superior Court* (2008) 168 Cal.App.4th 1455, 1462-1463 [finding contrary legislative intent]; see 2A Singer & Singer, Sutherland Statutes and Statutory Construction (7th ed. 2014) § 47:23, pp. 406-413, 423-424 (Sutherland).)

The statute itself does not qualify its enumeration of the statutes with any general language of inclusion (e.g., "such as" or "including"), nor can we discern any logical reason for mentioning only these statutes if there was the intent to include others. (2A Sutherland, *supra*, § 47:25, pp. 444-445.) Defendant does not identify evidence of any contrary intent under which the drafters nonetheless intended the designated statutes to be merely illustrative. The Attorney General's summary of the initiative states that it "[r]equires misdemeanor sentence[s] instead of felony for the following crimes when amount involved is $950 or less: petty theft, receiving stolen property, and forging[ or] writing bad checks," with nary a word about unlawful taking/driving of a vehicle *or lesser included offenses*. (2014 Voter Guide, *supra*, Official Title and Summary of Prop. 47, p. 34.) Vehicle Code section 10851 also does not appear anywhere in the exegesis of

involve the entry of a commercial establishment with the intent to commit larceny during ordinary business hours, defendants are now entitled to petition for resentencing as a misdemeanor under section 459.5 if the value of the property is under $950. (See *In re J.L.* (2015) 242 Cal.App.4th 1108, 1112; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*); see also *People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)

6

the Legislative Analyst when it lists the offenses for which sentences would be prospectively reduced (2014 Voter Guide, *supra*, analysis of Prop. 47 by Legis. Analyst, pp. 35-36), nor in the supporting and opposing arguments (*id.*, argument in favor of Prop. 47, p. 38; *id.*, argument against Prop. 47, p. 39); the only vehicle-related reference appears in the opposition, which cites a reduction in punishment for *carjacking* as a basis to vote no (*ibid.*). Therefore, the legislative history is devoid of a desire to include additional offenses through the vehicle of lesser included or related offenses, and it would be a fraud upon the electorate for a court to extend the reach of the initiative beyond what was expressly represented at the time.

This leaves defendant's reliance on section 490.2. It is true the operation of section 490.2 brings a host of unspecified statutes *defining grand theft* within its ambit prospectively (and thus retrospectively). However, Vehicle Code section 10851 does not appear explicitly in section 490.2 (as does § 487), nor does its text purport to *define* the taking of a vehicle as grand theft within the catchall language of section 490.2. In addition, the statute embraces taking or driving *whether or not* there was an intent to steal. (*People v. Garza* (2005) 35 Cal.4th 866, 871.) In *Acosta* the court of appeal finds that section 490.2 does not apply to another statute (attempted vehicular burglary) that does not *necessarily* involve theft. (*Acosta*, *supra*, 242 Cal.App.4th at p. 526.) As a result, unlawful taking or driving cannot be swept into the ambit of section 1170.18 by this route.

Finally, even if section 487 operated in the same manner as section 459.5, and permitted a violation of Vehicle Code section 10851 to be reclassified as a misdemeanor violation of section 487 if the unlawful taking of a $950 car underlay the prior conviction, it would still be the burden of defendant to have produced facts establishing this in his petition—assuming that there is some way in which he can establish that his conviction was for a car theft when that was not a necessary element. (*People v. Rivas-Colon* (2015)

7

241 Cal.App.4th 444, 448-450; *Sherow*, *supra*, 239 Cal.App.4th at pp. 879-880.) Defendant's petition failed to satisfy this burden despite defendant presumably being aware of what he did. (See *Sherow*, at p. 880 [proper petition could contain at least declaration from defendant regarding circumstances of offense].) Therefore, the trial court did not err in denying relief on this conviction.

Defendant thus resorts to the usually unprofitable claim that this dichotomy in punishment results in a violation of his constitutional right to equal protection under the law. "[N]either the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one statute and not the other, violates equal protection principles." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) Specifically, the disparity between the former punishment for "grand theft auto" and unlawful taking or driving is not a basis for finding a violation. (*People v. Romo* (1975) 14 Cal.3d 189, 197.) Even if we assume the two categories of crimes are situated similarly, there is a rational basis for the distinction in treatment: The electorate was not obligated to extend relief under the initiative to *all* similar conduct. It could instead move in an incremental way, gauging the effects of this sea change in penal law. Particularly given the insignificant numbers of vehicle thefts at issue in light of the present vehicle prices, the electorate could conclude this would not work an injustice. Finally, the electorate could expect a prosecutor to exercise discretion to charge an unlawful taking or driving of a $950 vehicle as a misdemeanor. (*Acosta*, *supra*, 242 Cal.App.4th at pp. 527-528.) We therefore reject the argument.

## DISPOSITION

The order disposing of defendant's petition is affirmed. The trial court shall prepare a corrected abstract of judgment to conform to its ruling on the 2011 convictions

8

and forward it to the Department of Corrections and Rehabilitation.  (***CERTIFIED FOR PUBLICATION***)

                                                                        _____ BUTZ _____, J.

We concur:

_____ NICHOLSON _____, Acting P. J.

_____ DUARTE _____, J.