Filed 6/8/16  P. v. Lopez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051348 |
| v. | (Super. Ct. No. 09CF0727) |
| OSCAR IVAN LOPEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Adrianne S. Denault, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Oscar Ivan Lopez appeals the trial court's denial of his petition pursuant to Penal Code section 1170.18.[1] He argues that unauthorized use of a vehicle worth less than $950 qualifies him for resentencing under the statute,[2] or alternatively, that we must interpret the statute to include that offense under equal protection principles. We need not reach either issue, however, because defendant's petition to the trial court did not even try to show that the vehicle he attempted to drive without authorization was worth less than $950. We therefore affirm the order.

I

FACTS

In 2009, defendant pleaded guilty to attempted unlawful taking or driving a vehicle (§ 664, subd. (a); Veh. Code § 10851 (a)). Defendant's sentence was suspended and the court imposed three years of formal probation.

In November 2014, the voters approved Proposition 47, which reclassified certain offenses from felonies to misdemeanors and created a postconviction resentencing procedure for those convicted of felony offenses that have been reclassified. (§ 1170.18; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091-1093.) Defendant thereafter filed a petition to reduce his felony conviction to a misdemeanor. The prosecution's response argued that a violation of Vehicle Code section 10851, subdivision (a), or an attempt under that section, is not eligible for resentencing under Proposition 47. Defendant filed a supplemental petition, arguing that all property theft, where the property was valued at less than $950, was intended for inclusion. Alternatively, defendant argued, equal protection principles required that such thefts be included even if not specifically

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

[2] This issue is currently pending before the California Supreme Court. (*People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793.)

enumerated in Proposition 47. No evidence was submitted in support of the petition. The court denied the petition, and defendant now appeals.

II

DISCUSSION

We need not resolve the statutory interpretation or equal protection issue. Defendant's petition to the trial court failed to present any evidence or make an offer of proof to establish that the vehicle he was convicted of attempting to take without authorization was worth $950 or less.

Defendant argues it is the People's burden to establish eligibility, but cites no cases addressing this issue under Proposition 47. Case law has concluded, however, that it was defendant's burden, as the petitioning party, to demonstrate that he qualified for resentencing as a factual matter. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880.) In addition to arguing the relevant legal principles, defendant must establish the necessary facts. Therefore, if the crime under review is a theft offense, "'the petitioner will have the . . . burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) "A proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken. If [defendant] made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination. [Citation.]" (*Id.* at p. 880; see also *People v. Johnston* (2016) 247 Cal.App.4th 252; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448-449.) Because defendant submitted no evidence on this determinative issue, his petition was properly denied.

III

DISPOSITION

The order is affirmed "without prejudice to subsequent consideration of a properly filed petition."  (*People v. Sherow, supra*, 239 Cal.App.4th at p. 881.)


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.