Filed 6/13/16  P. v. Munoz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAURA LEE MUNOZ,<br><br>    Defendant and Appellant. | G051446<br><br>(Super. Ct. No. 12NF1562)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Meagan J. Beale and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Laura Lee Munoz appeals the trial court's denial of her petition pursuant to Penal Code section 1170.18.[1] She argues that her felony conviction for conveying an access card with intent to defraud (§ 484e, subd. (a)) qualifies for resentencing under the statute,[2] or alternatively, that we must interpret the statute to include that offense under equal protection principles. Because that offense is not among those listed in section 1170.18, we reject her first contention. Further, she failed to make the requisite factual showing to demonstrate that her crime qualified for resentencing, and therefore we need not reach her equal protection argument. Accordingly, we affirm the order.

I

FACTS

In 2012, defendant was charged with second degree commercial burglary (§§ 459, 460, subd. (b)), acquiring an access card with intent to defraud (§ 484e, subd. (a)) and receiving stolen property (§ 496, subd. (a)), all of which were felonies at the time.

Defendant subsequently pleaded guilty to each count. Under section 1170, subdivision (h)(5), defendant was ordered to serve six months in county jail and two years and six months on supervised probation.

In November 2014, the voters approved Proposition 47, the "Safe Neighborhood and Schools Act." Proposition 47 reclassified certain offenses from

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

[2] A closely related issue, concerning subdivision (d) of section 484e, is currently pending before the California Supreme Court, which has granted review on every published decision on the subject. These cases represent a division of opinion on the issue. (*People v. Thompson* (2015) 243 Cal.App.4th 413, review granted Mar. 9, 2016, S232212; *People v. Romanowski* (2015) 242 Cal.App.4th 151, review granted Jan. 20, 2016, S231405; *People v. Cuen* (2015) 241 Cal.App.4th 1227, review granted Jan. 20, 2016, S231107; *People v. Grayson* (2015) 241 Cal.App.4th 454, review granted Jan. 20, 2016, S231757.)

felonies to misdemeanors and created a postconviction resentencing procedure for those convicted of felony offenses that have been reclassified. (§ 1170.18; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091-1093.)

Defendant thereafter filed a petition to reduce all three felony convictions to misdemeanors under section 1170.18, subdivision (f). The prosecution responded, stating its position that a violation of section 484e, subdivision (a), was ineligible. The prosecution did not oppose resentencing on the remaining counts.

The court granted the petition on the burglary and receiving stolen property counts, but denied it as to the section 484e, subdivision (a), count. The court concluded that count was not eligible under the statute. Defendant now appeals.

II

DISCUSSION

*Eligible Crimes*

Section 1170.18, subdivisions (a) and (b), state the offenses for which resentencing is authorized. Individuals convicted of such crimes "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."[3] (§ 1170, subd. (a).)

Section 490.2 was added to the Penal Code by Proposition 47. Section 490.2, subdivision (a), provides that "[n]otwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of

_____

[3] Health and Safety Code sections 11350, 11357, and 11377 all deal with possession of controlled substances. The Penal Code sections address the following crimes: Sections 459.5 (shoplifting with a value of $950 or less), 473 (forgery of a document with a value of $950 or less), 476a (issuing a check for $950 or less with insufficient funds), 490.2 (petty theft with a value of $950 or less), and 666 (petty theft with a prior theft).

3

the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," unless the person is otherwise ineligible for misdemeanor sentencing.

*Defendant's Offense and Eligibility for Resentencing*

Defendant was not convicted of any of the enumerated offenses set forth in section 1170.18. She was convicted of selling, transferring, or conveying an access card with intent to defraud (§ 484e, subd. (a)).[4] Section 484e, subdivision (a), states: "Every person who, with intent to defraud, sells, transfers, or conveys, an access card, without the cardholder's or issuer's consent, is guilty of grand theft."

An access card "is defined as 'any card, plate, code, account number, or other means of account access that can be used, alone or in conjunction with another access card, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds, other than a transfer originated solely by a paper instrument.' [Citation.]" (*People v. Molina* (2004) 120 Cal.App.4th 507, 512 (*Molina*).) Section 484e is "a 'comprehensive statutory scheme which punishes a variety of fraudulent practices involving access cards.' [Citation.]" (*Molina*, at p. 512.) In enacting the statutory scheme in which section 484e is a part, "[t]he Legislature intended to provide broad protection to innocent consumers." (*Molina*, at p. 519.)

Defendant argues the intent of Proposition 47 was to include nonviolent, petty theft offenses such as hers within its ambit. Our primary task in construing a statute is to determine the intent of the lawmakers, or in this instance, the voters. (*People v. Jones* (1993) 5 Cal.4th 1142, 1146.) "'To determine intent, "'The court turns first to the

---

[4] At numerous points, defendant argues she should have been convicted under a different subdivision of section 484e, specifically subdivision (c), which is designated as petty rather than grand theft. She has waived that issue by failing to raise it in the trial court at any point. We address defendant's eligibility under the statute she was convicted of violating, which is section 484e, subdivision (a).

4

words themselves for the answer.'" [Citations.] "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters)." [Citation.]' [Citation.]" (*Ibid.*) Wherever possible, significance should be given to every word, phrase, and sentence, construed in context, keeping in mind the statutory purpose, and harmonizing the particular provision in the context of the statutory framework as a whole. (*Palos Verdes Faculty Assn. v. Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658–659.) Section 1170.18, subdivision (a), is clear on its face and does not include section 484e.

Defendant essentially contends that because section 484e, subdivision (a), defines certain conduct as grand theft, it is a theft crime and therefore subject to section 1170.18. Accordingly, she claims, section 490.2 applies ("[n]otwithstanding . . . any . . . provision of law defining grand theft") to section 484e, subdivision (a).

But section 490.2 is also unambiguous. It applies to *thefts* of "money, labor, real or personal property." (§ 490.2, subd. (a).) Section 484e, subdivision (a), does not require theft at all, despite its classification of the offense as a "grand theft." It requires the sale, transfer or conveyance of an access card without the owner's consent and with the intent to defraud. No actual theft is required, nor, notably, is there any value threshold. (§ 484e, subd. (a).) It does not matter if anyone is actually defrauded, if money is ever taken from an account, or if information gleaned from the card is used for other unlawful purposes. The Legislature considered merely transferring the card with the requisite intent serious enough to classify it as a felony.

"[A] specific statutory provision relating to a particular subject controls over a more general provision." (*Hughes Electronics Corp. v. Citibank Delaware* (2004) 120 Cal.App.4th 251, 270.) Section 484e, subdivision (a), is the more specific statute, and it describes grand theft without reference to value. The offense is deemed egregious enough to trigger felony punishment. (*Molina, supra,* 120 Cal.App.4th at p. 518.)

5

Accordingly, we reject defendant's argument that we must read section 1170.18 or section 490.2 to encompass section 484e, subdivision (a).

*Lack of Evidence*

Even if we were to accept defendant's argument that section 484e, subdivision (a), qualifies her for resentencing under section 1170.18, her petition was nonetheless properly denied, because she failed to present any evidence of the card's value. She argues that because her other charges were reduced to misdemeanors, the access card crime necessarily involved an amount less than $950. But that is far from clear in the record. The burglary and the receiving stolen property counts could have involved different amounts than the access card offense.

The only evidence of the facts of the crime in the record comes from defendant's plea bargain form: "August 21, 2011 I willfully and unlawfully entered Walmart with the intent to steal and did in fact steal merchandise belonging to Walmart and with the intent to defraud conveyed an access card without the consent of the owner and I also possessed the personal property of Patrick M. which had been stolen and I knew it was stolen." No additional evidence was offered in conjunction with her petition.

It was defendant's burden, as the petitioning party, to demonstrate that she qualified for resentencing as a factual matter. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880.) In addition to arguing the relevant legal principles, defendant must establish the necessary facts. Therefore, if the crime under review is a theft offense, "'the petitioner will have the . . . burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id.* at p. 879.) "A proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken. If [defendant] made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination. [Citation.]" (*Id.* at p. 880; see also *People v. Johnston* (2016) 247 Cal.App.4th 252; *People v. Rivas-Colon* (2015) 241 Cal.App.4th

444, 448-449.)  As a factual matter, the evidence failed to establish the access card offense involved less than $950.

Because defendant failed to make the requisite factual showing to establish eligibility for resentencing, we need not reach her equal protection argument.

## III
## DISPOSITION

The order is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

ARONSON, J.

THOMPSON, J.