Filed 6/21/16  P. v. Archuleta CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERT ARCHULETA,<br><br>    Defendant and Appellant. | B263220<br><br>(Los Angeles County<br>Super. Ct. No. VA036073) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 1996 defendant and appellant, Albert Archuleta, was found guilty of possessing a controlled substance.  (Health & Saf. Code, § 11350.)  Because he had already sustained two or more prior serious felony convictions, the trial court sentenced him to a term of 25-years-to-life under the "Three Strikes" law.  This judgment was affirmed on appeal in *People v. Archuleta* (Aug. 24, 1998, B111003) [nonpub. opn.].

Following the passage of Proposition 36,[1] Archuleta, while he was being represented by a deputy public defender, filed a petition for recall of his sentence.[2]  On March 10, 2015, the trial court denied the petition with prejudice on the ground that one of Archuleta's prior convictions was for attempted murder, which disqualified him from Proposition 36 resentencing.  Archuleta thereafter filed a timely notice of appeal.

We appointed counsel to represent Archuleta on appeal.  After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.  We directed counsel to send the record on appeal and a copy of the opening brief to Archuleta and notified Archuleta that he had 30 days within which to personally submit any contentions or issues that he wished us to consider.  Archuleta filed a supplemental brief on April 8, 2016.

We have examined the entire record and determined that, as the trial court found, Archuleta is ineligible for a reduction of his sentence under Proposition 36 because he has a disqualifying prior conviction under section 1170.126, subdivision (e)(3).

As we explained in *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279: "On November 6, 2012, voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act).  Under the three strikes law (Pen. Code, §§ 667, subds. (b)-(i),

---

[1]    The passage of Proposition 36 resulted in the enactment of Penal Code section 1170.126.
       All further statutory references are to the Penal Code unless otherwise specified.

[2]    The trial court has been unable to locate a copy of Archuleta's petition for Proposition 36 resentencing.

1170.12) as it existed prior to Proposition 36, a defendant convicted of two prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a third felony. Under the Act, however, a defendant convicted of two prior serious or violent felonies is subject to the 25-year-to-life sentence only if the third felony is *itself* a serious or violent felony. If the third felony is not a serious or violent felony, the defendant will receive a sentence as though the defendant had only one prior serious or violent felony conviction, and is therefore a second strike, rather than a third strike, offender. The Act also provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction. According to the specific language of the Act, however, a current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety." (*Id.* at pp. 1285-1286, fn. omitted.) "[T]here are two parts to the Act: the first part is *prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony (Pen. Code, §§ 667, 1170.12); the second part is *retrospective*, providing *similar, but not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony (Pen. Code, § 1170.126)." (*Id.* at p. 1292.)

Subdivision (e)(3) of section 1170.126 provides that an inmate who is otherwise qualified for resentencing is only eligible if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Both of these provisions would preclude Archuleta from Proposition 36 resentencing because he has a prior conviction for attempted murder. (See §§ 667, subd. (e)(2)(C)(iv)(IV); 1170.12, subd. (c) (2)(C)(iv)(IV); *People v. Johnson* (2015) 61 Cal.4th 674, 681-682 ["a defendant will be excluded from the new sentencing provisions if he or she suffered a prior conviction for specified sex offenses, any homicide offense or attempted homicide offense defined in sections 187 through 191.5,

3

solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable in California by life imprisonment or death. [Citations.] These prior convictions are sometimes referred to as 'super strikes.' [Citation.]" (Fn. omitted.)].)

In his supplemental brief, Archuleta argues that finding him ineligible because of his 1987 prior conviction for attempted murder would violate his equal protection rights. He argues: "Proposition 47 make[s] drug possession a misdemeanor and Prop. 36 is specifically for [a] third strike drug conviction, but the appellant is ineligible because of his 1987 prior conviction for attempted homicide. Proposition 36 and 47 pertain 'only' to 'certain' defendant[s] serving a third strike drug conviction, but deny other[s] that fall within the scope of the law. Both propositions clearly violate the fairness of the law under the 14th Amendment . . . violating appellant's equal protection under State and Federal law."

This argument is without merit, as demonstrated by *People v. Johnston* (2016) 247 Cal.App.4th 252, a case rejecting essentially the same claim (although that case addressed only a finding of Proposition 47 ineligibility): "Defendant . . . resorts to the usually unprofitable claim that this dichotomy in punishment results in a violation of his constitutional right to equal protection under the law. '[N]either the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one statute and not the other, violates equal protection principles.' (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838.) Specifically, the disparity between the former punishment for 'grand theft auto' and unlawful taking or driving is not a basis for finding a violation. [Citation.] Even if we assume the two categories of crimes are situated similarly, there is a rational basis for the distinction in treatment: The electorate was not obligated to extend relief under the initiative to *all* similar conduct. It could instead move in an incremental way, gauging the effects of this sea change in penal law." (*Id.* at pp. 258-259; see also *People v. Acosta* (2015) 242 Cal.App.4th 521, 527-528 [rejecting similar Proposition 47 ineligibility claim: "Acosta's equal protection claim fails under the applicable rational basis test . . .

4

[because] the electorate could rationally extend misdemeanor punishment to some nonviolent offenses but not to others, as a means of testing whether Proposition 47 has a positive or negative impact on the criminal justice system."].)

Archuleta also complains his trial attorney failed to call the trial court's attention to *People v. Vargas* (2014) 59 Cal.4th 635, in order to demonstrate that his 1987 convictions did not render him ineligible for Proposition 36 relief. Archuleta is referring to our Supreme Court's recent conclusion that "two prior convictions arising out of a single act against a single victim [cannot] constitute two strikes under the 'Three Strikes' law." (*Id.* at p. 637.) *Vargas* held: "Defendant's two prior felony convictions – one for robbery and one for carjacking – were not only tried in the same proceeding and committed during the same course of criminal conduct, they were based on the same act, committed at the same time, and against the same victim. As we explain, because neither the electorate (§ 1170.12) nor the Legislature (§ 667, subds. (b)-(i)) could have intended that both such prior convictions would qualify as separate strikes under the Three Strikes law, treating them as separate strikes is inconsistent with the spirit of the Three Strikes law, and the trial court should have dismissed one of them and sentenced defendant as if she had only one, not two, qualifying strike convictions." (*Id.* at pp. 638-639.)

Archuleta's underlying argument is that, pursuant to *Vargas*, his 1987 conviction for attempted murder during a robbery constituted only a single act and, therefore, he should be eligible for Proposition 36 resentencing. But Archuleta is ignoring the difference between his conduct and Vargas's conduct. As *Vargas* explained: " '[T]he electorate and the Legislature rationally could – and did – conclude that a person who committed additional violence in the course of a prior serious felony (e.g., shooting or pistol-whipping a victim during a robbery, or assaulting a victim during a burglary) should be treated more harshly than an individual who committed the same initial felony, but whose criminal conduct did not include such additional violence.' [Citation.] But where, as here, an offender committed but a single act [i.e., taking the victim's car by force], we disagree she poses a greater risk to society merely because the Legislature has chosen to criminalize the act in different ways." (*People v. Vargas*, *supra*, 59 Cal.4th at

5

p. 646.)  Archuleta did not commit "a single act."  Rather, he used gratuitous violence during the commission of a robbery.

We are satisfied that defense counsel has fully complied with his responsibilities and that no arguable appellate issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278 [120 S.Ct. 746]; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.

LAVIN, J.