Filed 9/15/16  P. v. Smith CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078822 |
| Plaintiff and Respondent, | (Super. Ct. No. CM037751) |
| v. | |
| ANTHONY MICHAEL SMITH, | |
| Defendant and Appellant. | |

Defendant Anthony Michael Smith appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1170.18 on his conviction for unlawful driving or taking of a vehicle. [1]  He contends that the court's finding that his conviction was not subject to resentencing was incorrect, and the trial court therefore erroneously denied him the required hearing to determine the value of the vehicle.  In a

---

[1] Undesignated statutory references are to the Penal Code.

supplemental brief, he contends that equal protection principles require auto thefts of $950 or less to be treated under section 1170.18 like any other theft of that amount.

We decline to address these contentions because we conclude defendant did not satisfy his burden of establishing the value of his vehicle. We shall therefore affirm the trial court's orders.

## I.  BACKGROUND

Defendant stipulated to the use of the probation report and other materials as a factual basis for his plea, so we take the facts of his offense from the probation report.

On November 7, 2012, officers discovered 1.8 grams of methamphetamine and hypodermic syringes in defendant's jacket pocket following a traffic stop.

On February 4, 2013, a deputy conducted a traffic stop on a vehicle stolen from Orland two days earlier. Defendant, the driver, was searched and found in possession of a hypodermic syringe and counterfeit money. The ignition of the vehicle had been tampered with.

On February 27, 2013, a deputy saw a stolen vehicle driving out of a parking lot. The deputy stopped the vehicle, which was driven by defendant. Defendant was searched, and found possessing 0.3 grams of methamphetamine.

Defendant was charged by consolidated information with unlawful driving or taking of a vehicle, a 1997 gold Honda Accord, on or about February 4, 2013, (Veh. Code, § 10851, subd. (a)—count 1) with an on-bail enhancement (§ 12022.1); unlawful driving or taking of a vehicle, a 1997 Honda Accord LP, on February 27, 2013 (Veh. Code, § 10851, subd. (a)—count 2); possession of a controlled substance, methamphetamine, on February 27, 2013, (Health & Saf. Code, § 11377, subd. (a)— count 3) with an on-bail enhancement (§ 12022.1); and possession of a controlled substance, methamphetamine, in November 2012 (Health & Saf. Code, § 11377, subd. (a)—count 4). A prior prison term enhancement was also alleged. (§ 667.5, subd. (b).)

Defendant pleaded no contest to counts 1 and 3, and admitted a prior prison term. He was sentenced to an aggregate term of three years eight months in county jail.

Defendant subsequently filed a petition for resentencing on both counts. The petition contained no factual allegations or appended statements regarding the facts of either crime. At a hearing on the petition for resentencing of count 1, unlawful driving or taking of a vehicle, defense counsel told the trial court that defendant "has provided me with a Kelly Blue Book value of the actual vehicle in question, and it appears to be under $950." The trial court asked the year of the vehicle, and counsel replied, "1995 Honda Accord."

The trial court found that Proposition 47 did not encompass convictions under Vehicle Code section 10851. It denied the petition as to that offense, granted it as to the possession of methamphetamine charge, and resentenced defendant to a three-year-eight-month term.

## II. DISCUSSION

The passage of Proposition 47 created section 1170.18, which provides: "A person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing." (§ 1170.18, subd. (a); see Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 14, pp. 73-74.)

As pertinent to this case, Proposition 47 added section 490.2, which states in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."

3

Defendant contends the trial court erred in finding that his Vehicle Code section 10851 conviction was not eligible for Proposition 47 resentencing. He notes the statute generally defining grand theft, section 487, includes the theft of vehicles. (See § 487, subd. (d)(1).) He correctly points out that Vehicle Code section 10851 prohibits a wide variety of conduct, from joyriding to taking a vehicle with the intent to steal. (See *People v. Garza* (2005) 35 Cal.4th 866, 876.) Since, under the facts of the case, defendant either stole the car or received it as stolen property, an offense now a misdemeanor if the property is valued at $950 or less (see § 496, subd. (a)), defendant claims that he was entitled to resentencing under section 1170.18 if the vehicle was worth $950 or less. Noting that since the trial court did not allow him to present the proffered evidence of the car's value, he asks us to reverse and remand to allow him to establish that the car was worth $950 or less.[2]

Defendant has the burden of establishing his eligibility for resentencing. (Evid. Code, § 500; *People v. Sherow* (2015) 239 Cal.App.4th 875, 878; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449.) His petition, which was on a form that included a space to provide supporting evidence, contained no evidence or statements regarding the vehicle's value. The court therefore was entitled to deny the petition without a hearing. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 137 (*Perkins*).) He was nonetheless afforded a hearing, where the only evidence offered by defendant was defense counsel's

---

[2] Whether Proposition 47 applies to Vehicle Code section 10851 convictions is an issue currently before the California Supreme Court. (See, e.g., *People v. Johnston* (2016) 247 Cal.App.4th 252, review granted July 13, 2016, S235041; *People v. Solis* (2016) 245 Cal.App.4th 1099, review granted June 8, 2016, S234150; *People v. Ortiz* (2016) 243 Cal.App.4th 854, review granted March 16, 2016, S232344; *People v. Haywood* (2015) 243 Cal.App.4th 515, review granted March 9, 2016, S232250; and *People v. Page* (2015) 241 Cal.App.4th 714, review granted Jan. 27, 2016, S230793.)

statement that defendant told him the Kelley Blue Book value for a 1995 Honda Accord, which appeared to be under $950. Even if we overlook the hearsay issue, defendant still provided a blue book valuation for the wrong model year—as the stolen vehicle was a 1997 Accord. This minimal, and largely irrelevant, evidence did not require any further inquiry by the trial court before dismissing the petition.

We accordingly conclude that the order denying defendant's petition was correct. In light of defendant's failure to carry his burden of establishing his eligibility, we decline to consider whether Vehicle Code section 10851 is subject to Proposition 47, either as a matter of statutory construction or the right to equal protection. However, our ruling does not prevent defendant from filing another petition supported by sufficient proof of value. (See *Perkins, supra,* 244 Cal.App.4th at p. 142 ["We affirm the order denying defendant's petition for resentencing of his conviction for receipt of stolen property without prejudice to consideration of a subsequent petition that supplies evidence of his eligibility"].)

## III.  DISPOSITION

The judgment (order) is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

BUTZ, J.

6