Filed 9/16/16  P. v. Foster CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICKY TYRONE FOSTER,<br><br>    Defendant and Appellant. | F072399<br><br>(Fresno Super. Ct. Nos. 400007-1, 460004-5 & CF92460004)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Denise Lee Whitehead, Judge.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Detjen, J. and Franson, J.

Appellant Richard Tyrone Foster appeals from the denial of his application to have his prior felony conviction for receiving stolen property (former Pen. Code, § 496.1)[1] deemed a misdemeanor under section 1170.18.[2]  Appellant contends the court failed to adequately consider whether the value of the stolen property received was less than $950 and wrongly dismissed the application with prejudice.  For the reasons set forth below, we affirm the denial of appellant's application but reverse the dismissal with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 4, 1989, appellant was convicted of possessing and selling stolen property under former section 496.1.  It had been alleged appellant possessed at least one stolen firearm.  He was sentenced to four years in prison and has completed that sentence.

On December 29, 2014, following the enactment of Proposition 47, appellant filed a "Petition for Dismissal" seeking to have his conviction reduced to a misdemeanor.  Appellant attached a declaration explaining his request and followed up with a request for a ruling on April 20, 2015.  On April 23, 2015, appellant's request was denied with prejudice, without a hearing.  The court concluded that appellant was "ineligible for relief as his or her conviction(s) do not qualify for relief under Penal Code § 1170.18, subd. (a) or subd. (f)."

This appeal timely followed.

## DISCUSSION

In this matter, the People do not contest that a prior conviction under former section 496.1 is eligible for relief under Proposition 47.  Rather, they argue that appellant failed to satisfy his burden of demonstrating he "would have been guilty of a

---

**1** All statutory references are to the Penal Code.

**2** Appellant also applied to have a later conviction for drawing or exhibiting a deadly weapon with intent to resist or prevent arrest under section 417.8 deemed a misdemeanor.  On appeal, appellant's counsel correctly concedes this conviction is not eligible for reclassification under Proposition 47.  (See § 1170.18, subd. (a) [identifying statutes under which resentencing is permitted].)

2.

misdemeanor under this act had this act been in effect at the time of the offense" because he failed to introduce evidence that the stolen property he received was worth less than $950. Appellant contends the court had an obligation to seek further evidence on the value of the relevant property and, even if denial is appropriate, the application should have been denied without prejudice.

### *Standard of Review and Applicable Law*

" 'On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act [(the Act)] ….' [Citation.] 'Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).' " (*People v. Morales* (2016) 63 Cal.4th 399, 404 (*Morales*).)

According to the Legislative Analyst's Office summary provided with the voter's guide, Proposition 47 proposed to "reduce[] the penalties for … **Receiving Stolen Property** ….." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis by the Legislative Analyst, pp. 35-36.) The summary further explained the proposed changes. "Under current law, individuals found with stolen property may be charged with receiving stolen property, which is a wobbler crime. Under this measure, receiving stolen property worth $950 or less would always be a misdemeanor." (*Ibid*.) In line with this goal, section 496 was modified to make receipt of stolen property worth less than $950 a misdemeanor. (*Id*., text of proposed laws, p. 72.) ["However, ~~if the district attorney or the grand jury determines that this action would be in the interests of justice, the district attorney or the grand jury, as the case may be, may,~~ if the value of the property does not exceed nine hundred fifty dollars ($950), ~~specify in the accusatory pleading that~~ the offense shall be a misdemeanor . . ."].)

With respect to resentencing issues, the Legislative Analyst's Office summary explained that the "measure allows offenders currently serving felony sentences for the

above crimes to apply to have their felony sentences reduced to misdemeanor sentences. In addition, certain offenders who have already completed a sentence for a felony that the measure changes could apply to the court to have their felony conviction changed to a misdemeanor." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis by the Legislative Analyst, p. 36.)

As enacted, section 1170.18 provides that "[a] person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).) "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).)

Whether one is eligible for relief under Proposition 47 is an issue of fact, reviewed for substantial evidence. (See *People v. Hicks* (2014) 231 Cal.App.4th 275, 283-286 [reviewing factual determination that petitioner was not eligible for relief due to nature of prior conviction under Proposition 36 for substantial evidence].)

### *The Application Does Not Show Appellant Would Have Been Guilty of a Misdemeanor*

The main change made by Proposition 47 to the crime of receiving stolen property set the punishment for receiving stolen property worth less than $950 as a misdemeanor for all charges brought under section 496. In order for appellant's application to succeed, he was required to show that he had been convicted on a felony charge of receiving stolen property but "would have been guilty of a misdemeanor" under Proposition 47. (§ 1170.18.) The application needed to demonstrate, therefore, that appellant had been convicted of receiving stolen property worth less than $950. (§ 1170.18, subd. (g) ["If the application satisfies the criteria in subdivision (f) . . . ."]; *People v. Johnston* (2016) 247 Cal.App.4th 252, 258, review granted July 13, 2016, S235041 [petition properly

4.

denied where defendant failed to satisfy burden of showing value of property was less than $950]; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449 [burden on petitioner to show value of stolen property was less than $950]; *People v. Sherow* (2015) 239 Cal.App.4th 875, 880 (*Sherow*) ["We think it entirely appropriate to allocate the initial burden of proof to the petitioner to establish the facts, upon which his or her eligibility is based."].)

The application did not support this conclusion. There is no evidence included within the application which demonstrates the value of the stolen property in appellant's possession. The charging documents, sentencing reports, and appellant's own declaration fail to provide evidence supporting appellant's request with respect to the number of guns appellant was convicted of possessing or their individual or grouped value.[3] Without such evidence, the trial court could not find "the application satisfies the criteria in subdivision (f)." (§ 1170.18, subd. (g).)[4]

Appellant contends the trial court had a duty to take additional evidence on the value of the relevant property. Citing section 1170.18, subdivision (b), appellant argues the court had a statutory duty to "determine whether the petitioner satisfies the criteria" for resentencing. We do not agree. The language cited by appellant refers to the process

---

[3]    Appellant's declaration generally disclaims possessing any stolen property, which contradicts his conviction, but does note that either one or two guns were identified as potentially within his possession. There is no indication of the type or value of these guns.

[4]    It is also highly questionable whether appellant was eligible under section 1170.18, subdivision (i), which provides: "The provisions of this section shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667[.]" Section 667 defines a prior serious and/or violent felony conviction as one "punishable in California by life imprisonment or death." (§ 667, subd. (e)(2)(C)(iv)(VIII).) At the time of his application, appellant appears to have had a prior conviction for kidnapping during the commission of a carjacking, which is punishable by life imprisonment. (§ 209.5; *People v. Foster* (1995) 34 Cal.App.4th 766, 768-769.)

for handling petitions filed by inmates currently serving a sentence which has been affected by Proposition 47. Its language mirrors a similar statutory framework, enacted through Proposition 36. (See § 1170.126, subd. (f).) Appellant, however, does not fall within that framework. Having already served his sentence, appellant is required to file an "application," as opposed to a "petition," under section 1170.18, subdivision (f).

Unlike the "petition" process, where the statutory scheme expressly provides for an additional duty on behalf of the court and thus may require additional hearings if sufficient evidence of eligibility is shown,[5] under the "application" process, the statute only requires considering whether "the application satisfies the criteria in subdivision (f)."[6] The intentional use of different language to define the separate processes shows that it is incumbent upon appellant to sufficiently prove eligibility through the initial application. (See *People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1015 [the court presumes the electorate is " 'aware of existing laws and judicial constructions in effect at the time legislation is enacted [citation], and to have enacted or amended a statute in light thereof' "]; *People v. Licas* (2007) 41 Cal.4th 362, 367 [" ' "Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed." ' "].)

Appellant further argues the trial court should have dismissed his application without prejudice, to allow for refiling if appropriate. We agree. At the time appellant

---

**5** Even if section 1170.18, subdivision (b) was applicable, the initial burden of production would still be placed on appellant to provide evidence sufficient to support an eligibility finding. (*Sherow*, *supra*, 239 Cal.App.4th at p. 880.)

**6** We take no position on whether the People have the right to object to the decision to designate a felony as a misdemeanor or whether the court may review materials outside the four corners of the application to determine the accuracy of the application or other relevant factors. We hold only that the trial court did not err in rejecting appellant's application under the facts presented here.

filed his petition, there was no judicial guidance available regarding which party retained the initial burden of proof, nor what type or quality of evidence was required. Moreover, given the separate provisions for petitions and applications, appellant "may have been misled about the requirements" of applying for relief under Proposition 47. (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 139-140.) Accordingly, we reverse the denial with prejudice.[7] Should appellant be eligible to reapply under Proposition 47, any new petition must describe the stolen property in his possession and attach some probative evidence of its value.

## DISPOSITION

The order denying appellant's application with prejudice is affirmed with respect to denying appellant's application, but without prejudice to consideration of a subsequent petition that supplies evidence of appellant's eligibility.

---

[7]     We take no position on whether dismissal with prejudice is appropriate upon a summary denial under Proposition 47, as opposed to other procedural mechanisms for preventing serial petitions or applications.