Filed 6/21/16  P. v. Stulting CA2/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063670 |
| v. | (Super.Ct.No. FVI702015) |
| DANIEL WILLIAM STULTING, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Randall D. Einhorn and Marilyn L. George, Deputy Attorneys General, for Plaintiff and Respondent.

## FACTUAL AND PROCEDURAL HISTORY

On November 4, 2014, the voters approved Proposition 47, The Safe Neighborhoods and Schools Act (Proposition 47); it went into effect the following day. Proposition 47 reduced certain nonserious, nonviolent felonies to misdemeanors. It added and amended sections of the Penal Code. Penal Code section 1170.18 was added, and provides that a person currently serving a sentence for a felony conviction, whether by trial or plea, who would have been guilty only of a misdemeanor had Proposition 47 been in effect at the time the plea was entered, or at the time of trial, may petition for a recall of the sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing.

Prior to the passage of Proposition 47, on September 17, 2007, defendant and appellant Daniel William Stulting (defendant) pled guilty to the felony offense of unlawfully taking or driving a 2002 Honda Civic under Vehicle Code section 10851, subdivision (a). In 2007, the penalty range for that offense was 16 months two years, or three years in state prison. Under the terms of his plea agreement, the court sentenced defendant to a term of 16 months in state prison.

On April 16, 2015, defendant filed a Petition for Resentencing under Penal Code section 1170.18. On May 15, 2015, the trial court denied defendant's Petition. The court noted: "VC 10851(a) does not qualify for Prop 47 relief. Petition denied."

On appeal, defendant contends that Penal Code section 1170.18 should be broadly interpreted to include violations of Vehicle Code section 10851, and be reduced to misdemeanors.

I affirm the denial of defendant's Petition without prejudice.

## DISCUSSION

Defendant claims that Penal Code section 1170.18 should be interpreted to include Vehicle Code section 10851[1] as a felony that can be reduced to a misdemeanor violation of Penal Code section 490.2.  I affirm the denial of defendant's Petition because he failed to meet his burden of alleging facts that he was eligible for resentencing under Penal Code section 490.2.

"The voters approved Proposition 47 at the November 4, 2014 general election, and it became effective the next day." (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1328.)  "Proposition 47 'was intended to reduce penalties "for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors."'" (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.)  "'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction.  [Citation.]  Thus, "we turn first to the language of the statute, giving the words their ordinary meaning."  [Citation.]  The statutory language must also be construed in the context of

---

[1] Vehicle Code section 10851 provides, "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense and, upon conviction thereof, shall be punished by imprisonment in a county jail for not more than one year or pursuant to subdivision (h) of Section 1170 of the Penal Code or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment."  This section "'proscribes a wide range of conduct [and may be violated] either by taking a vehicle with the intent to steal it or by driving it with the intent only to temporarily deprive its owner of possession (i.e., joyriding).'" (*People v. Garza* (2005) 35 Cal.4th 866, 876.)

3

the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.]  When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]'  [Citation.]  In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.'"  (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

Proposition 47 added section 1170.18 to the Penal Code; subdivision (a) provides in pertinent part, "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Under Penal Code section 1170.18, subdivision (b), the trial court first determines whether the petition has presented a prima facie case for relief under Penal Code section 1170.18, subdivision (a).  If the petitioner satisfies the criteria in subdivision (a), then he will be resentenced to a misdemeanor, unless the court, within its discretion, determines the petitioner would pose an unreasonable risk to public safety.  (Pen. Code, § 1170.18, subd. (b).)

Section 490.2 was added to the Penal Code.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  Penal Code section 490.2 provides in pertinent part,

4

"Notwithstanding [Penal Code s]ection 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." Penal Code section 487, subdivision (a), provides that if the value of the money, labor, real or personal property taken exceeds $950, the offense is a felony. Penal Code section 487, subdivision (d)(1), provides that grand theft occurs if the property is an automobile, regardless of the value.

Penal Code section 1170.18 clearly states that a defendant must show he was convicted of a felony but would have been convicted of a misdemeanor if Proposition 47 had been in effect at the time of the offense. For an offense under Penal Code section 490.2, which was added to the Penal Code, defendant had to allege facts that he would have been guilty of a misdemeanor violation of Penal Code section 490.2 rather than the felony conviction.

As relevant to this case, Vehicle Code section 10851 is not listed in Penal Code section 1170.18; the courts are split on whether Proposition 47 applies to violations under Vehicle Code section 10851 if the value of the vehicle is under $950. I need not address this issue in this appeal because defendant has failed to prove that the value of the vehicle in this case was under $950. Defendant has failed to allege any facts to support that he was eligible for resentencing, i.e. that the car he took, the 2002 Honda Civic, was valued under $950.

Here, defendant had the initial burden of proving that he would have been charged and found guilty of only a violation of Penal Code section 490.2 because the value of the

5

vehicle he took was less than $950. Defendant failed to meet this burden. The record of conviction does not establish this fact as he entered a guilty plea. Additionally, defendant never stated in the Petition that the 2002 Honda Civic was valued at less than $950. In the Petition, defendant simply stated he was requesting that his felony violation under Vehicle Code section 10851, subdivision (a), be designated as a misdemeanor under Penal Code section 1170.18. Defendant never alleged facts sufficient for the trial court to determine that he should have been convicted of a misdemeanor violation of Penal Code section 490.2. The Petition was properly denied because defendant failed to establish that he was eligible for resentencing pursuant to Penal Code section 1170.18, subdivision (a). (See *Vance v. Bizek* (2014) 228 Cal.App.4th 1155, 1163, fn. 3 ["A party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting"].)

In his reply brief, defendant claims that, "this matter must be remanded for a hearing where the defense is permitted to introduce relevant and admissible information to make a record of the conduct underlying the conviction, and the value of the vehicle." In essence, although defendant was the petitioning party, he appears to be arguing that he was entitled to a hearing on the value of the 2002 Honda Civic.

In the recent case of *People v. Sherow* (2015) 239 Cal.App.4th 875, the defendant filed a petition to recall his sentence under Proposition 47. The defendant sought to reduce two of his felony convictions of second degree burglary to misdemeanor violations of Penal Code section 459.5, shoplifting, because he insisted the items taken were valued less than $950. (*Sherow*, at p. 877.) The appellate court concluded that

6

defendant had the initial burden in his petition to show he was eligible for resentencing under Penal Code section 1170.18, subdivision (a). It referred to background information prepared by "Judge J. Richard Couzens and Presiding Justice Tricia A. Bigelow" on Proposition 47, which provided, "'The petitioner will have the initial burden of establishing eligibility for resentencing under [Penal Code] section 1170.18[, subdivision ](a): i.e., whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed. If the crime under consideration is a theft offense under [Penal Code ]sections 459.5, 473, 476a, 490.2 or 496, the petitioner will have the burden of proving the value of the property did not exceed $950.'" (*Sherow*, at p. 879.) The *Sherow* court concluded that the defendant's petition was properly denied because it contained no facts or explanation how the value of the items taken were less than $950. (*Id*. at p. 877; see also *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6-7 [found a defendant was not entitled to development of facts or hearing if the trial court determined he was ineligible on the face of a Penal Code section 1170.126 petition for resentencing].)

Similarly here, defendant made no attempt in the Petition to allege that the value of the 2002 Honda Civic was less than $950. Since he did not allege any facts that the car was less than $950, he did not allege facts making him eligible under Penal Code section 1170.18. As such, as opposed to defendant's argument that he was entitled to an opportunity to litigate the issue of the value of the automobile, he failed to make a threshold showing that he qualified under Penal Code section 1170.18. Further,

7

defendant carried the burden of alleging facts in the Petition that the value was less than $950.

Based on the foregoing, defendant was not entitled to resentencing under Penal Code section 1170.18 because he did not meet his burden of showing his offense constituted a petty theft pursuant to Penal Code section 490.2.

## DISPOSITION

The trial court's order denying defendant's petition to recall his sentence is affirmed without prejudice.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

Acting P. J.

8

Codrington, J., Concurring.

I concur with the lead disposition affirming the trial court order denying defendant Daniel William Stulting's application for reclassification of his felony conviction as a misdemeanor (reclassification application), but respectfully disagree with its rationale.

In 2007, defendant pled guilty to unlawful driving or taking a vehicle (Veh. Code, § 10851, subd. (a)).[1] In 2015, after defendant completed his sentence, defendant filed an application to reduce and reclassify his section 10851 felony conviction to a petty theft misdemeanor (Pen. Code, § 490.2). The trial court denied defendant's reclassification application on the ground "VC 10851(a) does not qualify for Prop 47 relief. Petition denied."

The lead opinion affirms the trial court order denying defendant's petition on the sole ground defendant did not meet his burden of establishing that the value of the vehicle at issue did not exceed $950. The lead opinion does not address whether a section 10851 conviction can be eligible for resentencing or reclassification if the value of the vehicle does not exceed $950. The lead opinion circumvents the issue (perhaps because the issue is before our high court on review). This, unfortunately, leaves defendant faced with the prospect of refiling his petition upon remand and satisfying his burden of proving the value of the vehicle in the trial court, all for naught, in the event this court or the Supreme Court concludes a section 10851 conviction is ineligible for

---

[1] Unless otherwise noted, all statutory references are to the Vehicle Code.

1

resentencing/reclassification as a matter of law.**2**

By ordering this case remanded without prejudice to defendant refiling his reclassification application, the lead opinion suggests, without holding, that defendant's section 10851 conviction may be eligible for reclassification as a misdemeanor upon defendant establishing that the value of the vehicle at issue does not exceed $950. Otherwise there would be no reason to affirm without prejudice.

To the extent the lead opinion suggests a Vehicle Code section 10851 conviction may qualify for resentencing/reclassification under Proposition 47, I respectfully disagree. A Vehicle Code section 10851 conviction for unlawfully taking or driving a vehicle does not come within the ambit of Penal Code section 1170.18, regardless of the facts of the crime. Therefore this court should affirm the trial court's ruling denying defendant's reclassification application, *without prejudice* to refiling it.

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 provides retrospective relief for defendants such as defendant who

---

**2** The issue of whether Proposition 47 applies to a section 10851 conviction is before the California Supreme Court in *People v. Page,* 364 P.3d 410, review granted January 27, 2016, S230793; *People v. Haywood*, 2016 Cal. LEXIS 1329, review granted March 9, 2016, S232250; and *People v. Ortiz*, 366 P.3d 988, review granted March 16, 2016, S232344. Other recent cases in accord with our analysis, which are not yet final and may also be taken up on review, include *People v. Johnston* (2016) 247 Cal.App.4th 252; and *People v. Solis* (2016) 245 Cal.App.4th 1099, petition for review pending, filed April 27, 2016.

2

have completed a sentence for a conviction imposed before enactment of Proposition 47. Penal Code section 1170.18, subdivision (f), provides that "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." Subdivision (g) provides: "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

In the instant case, defendant had already completed his sentence for his Vehicle Code section 10851 conviction when he filed his application to reduce his felony conviction to a misdemeanor. Defendant's Vehicle Code section 10851 conviction is not eligible for reclassification as a misdemeanor because Penal Code section 1170.18 does not list Vehicle Code section 10851 as one of the enumerated offenses eligible for resentencing. The new petty theft provision, Penal Code section 490.2, added by Proposition 47, also does not mention that Vehicle Code section 10851 is eligible to the limited extent a Vehicle Code section 10851 offense might qualify as a petty theft under Penal Code section 490.2. Furthermore, Vehicle Code section 10851 is not strictly a theft statute. It does not proscribe grand theft or petty theft. Rather Vehicle Code section 10851 proscribes the action of taking or driving a vehicle "with or without intent to steal." (Veh. Code, § 10851, subd. (a).) Vehicle Code section 10851 applies in part to

nontheft offenses, such as driving someone's car without consent and taking a car without intent to permanently deprive the owner of the car.

Defendant nevertheless contends Vehicle Code section 10851 falls within the scope of Penal Code section 490.2. Defendant construes Penal Code section 490.2 broadly, as encompassing a Vehicle Code section 10851 crime. In construing the intent of the electorate in passing Proposition 47, we must look to the language of Proposition 47 as a whole. (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529-30.) In doing so, when the drafters of an initiative and the electorate intend for an initiative to prevail over all contrary law, the initiative "typically signals this intent by using phrases like 'notwithstanding any other law' or 'notwithstanding other provisions of law.'" (*In re Greg F.* (2012) 55 Cal.4th 393, 406-407.) Here, Proposition 47 includes such "notwithstanding" language in regard to Penal Code section 487 and statutes defining grand theft, but not in regard to Vehicle Code section 10851. This omission suggests the electorate did not intend Penal Code section 490.2 to apply to Vehicle Code section 10851.

As succinctly stated in *People v. Johnston, supra,* 247 Cal.App.4th at page 258, "Vehicle Code section 10851 does not appear explicitly in Penal Code section 490.2 (as does § 487), nor does its text purport to *define* the taking of a vehicle as grand theft within the catchall language of section 490.2. In addition, the statute embraces taking or driving *whether or not* there was an intent to steal. (*People v. Garza* (2005) 35 Cal.4th 866, 871.) In *Acosta*, the Court of Appeal found that section 490.2 does not apply to another statute (attempted vehicular burglary) that did not *necessarily* involve theft.

4

([*People v. Acosta* (2015) 242 Cal.App.4th 521,] 526.) As a result, unlawful taking or driving cannot be swept into the ambit of section 1170.18 by this route."

In addition, applying the legal maxim that "a general provision is controlled by one that is special" (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577), Vehicle Code section 10851 should be construed as not falling within the purview of the more general petty theft statute, Penal Code section 490.2. "'A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.'" (*San Francisco Taxpayers Assn., supra,* 2 Cal.4th at p. 577.) Therefore, to the extent Vehicle Code section 10851 may be violated in a way that brings it within the definitions of "theft," as defined in Penal Code section 484, and "petty theft," as defined in Penal Code section 490.2, the specific provision of Vehicle Code section 10851 is an exception to the more general provision, section 490.2, subdivision (a). (See *Bradwell v. Superior Court* (2007) 156 Cal.App.4th 265, 272.)

Furthermore, Penal Code section 666 (petty theft with a prior), as amended by Proposition 47, differentiates between a Vehicle Code section 10851 auto theft, grand theft, and petty theft. Penal Code section 666 lists as eligible predicates prior convictions for "petty theft, grand theft, . . . auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery," and receiving stolen property. (Pen. Code, § 666, subd. (a).) The inclusion in Penal Code section 666 of auto theft under Vehicle Code section 10851 along with grand theft and petty theft indicates that the voters did not consider

5

Vehicle Code section 10851 a variety of petty theft falling under the petty theft provision, Penal Code section 490.2. If the initiative drafters considered auto theft under Vehicle Code section 10851 encompassed by Penal Code section 490.2, there would have been no need to designate it as a separate predicate in Penal Code section 666.

One of the most persuasive reasons for concluding Proposition 47 does not apply to a section 10851 conviction is that a section 10851 offense remains a wobbler after enactment of Proposition 47. Proposition 47 amended other statutes to change specific offenses from wobblers to misdemeanors, but left a section 10851 offense a wobbler, punishable either as a felony or misdemeanor. (§ 10851, subd. (a); see *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974, fn. 4 [listing § 10851, subd. (a), as a statute that provides for "alternative felony or misdemeanor punishment"].) The drafters of Proposition 47 may have reasonably intended to leave a section 10851 as a wobbler because felony prosecutions under section 10851 serve important public safety and deterrence functions that differ from those served by petty theft prosecutions.

Penal Code section 1170.18 provides a mechanism for a person "who would have been guilty of a misdemeanor" (Pen. Code, § 1170.18, subd. (f)), if Proposition 47 had been in effect at the time of the offense, to apply for reclassification of a felony as a misdemeanor in accordance with certain enumerated sections that were amended or added by Proposition 47. (Pen. Code, § 1170.18, subds. (a), (f), (g).) Because Vehicle Code section 10851 remains a wobbler, it cannot be said that defendant would have been guilty of a misdemeanor had Proposition 47 been in effect at the time of his offense. Proposition 47 left intact the language in Vehicle Code section 10851, subdivision (a),

6

which makes a violation of that statute punishable as either a felony or a misdemeanor. Proposition 47 therefore does not apply to Vehicle Code section 10851 conviction, because a defendant convicted of Vehicle Code section 10851 would not necessarily have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense.

While acknowledging reasonable minds can differ on the issue of section 10851 eligibility under Proposition 47, I conclude a section 10851 felony conviction is not one of the crimes falling within the purview of Proposition 47.  Therefore a section 10851 conviction is ineligible for resentencing or reclassification as a matter of law.


CODRINGTON
J.

7

Slough, J., Concurring.

I concur with the lead disposition to affirm the order denying defendant's petition without prejudice because his petition failed to make out a prima facie case for resentencing. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880 (*Sherow*); *People v. Perkins* (2016) 244 Cal.App.4th 129, 135 (*Perkins*).) However, I agree with Justice Codrington that this court should address the core legal issue of whether violations of Vehicle Code section 10851, subdivision (a) (Section 10851) are eligible for Proposition 47 resentencing. The lead opinion declines to address this issue but nevertheless affords defendant the opportunity to file a new petition. This approach is unhelpful because it leaves defendant without guidance as to whether refiling his petition would be a futile endeavor. I believe that until the California Supreme Court decides this legal issue, it is our responsibility to decide each case before us to the best of our abilities. (See *Dillon v. Legg* (1968) 68 Cal.2d 728, 736 [recognizing the courts' "basic responsibility [is] to decide the merits of each case individually"].) I therefore write separately to address whether violations of Section 10851 are eligible for misdemeanor resentencing under Penal Code section 1170.18.

In my view, a plain reading of Proposition 47 requires the conclusion that a Section 10851 conviction constitutes a petty theft under Penal Code section 490.2 (Section 490.2), and therefore qualifies for misdemeanor resentencing, provided the conviction was for theft (as opposed to joyriding) and the stolen vehicle was worth $950 or less. In other words, if a petitioner convicted of a felony under Section 10851 can

1

demonstrate that he or she stole (as opposed to drove) another's vehicle and that vehicle was $950 or less, that petitioner is entitled to have his or her felony conviction reclassified as a misdemeanor petty theft under Section 490.2 and (if applicable) be resentenced on that offense.

A.   *Petty Theft Under Section 490.2*

When interpreting the meaning of an initiative like Proposition 47, our goal is to ascertain the voters' intent and effectuate the purpose of the initiative. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276.) To determine intent, we first examine the statutory language and give the words their ordinary meaning. (*People v. Park* (2013) 56 Cal.4th 782, 796.) If the statutory language is unambiguous, its plain meaning controls; if the language is ambiguous, we may refer to " 'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' " (*People v. Rizo* (2000) 22 Cal.4th 681, 685.)

Proposition 47 changed portions of the Penal and Health and Safety Codes to reduce various nonserious, nonviolent drug possession and theft-related offenses from felonies or wobblers to misdemeanors. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Penal Code section 1170.18 provides a procedure for individuals who were previously convicted of felonies now considered misdemeanors under Proposition 47 to petition to have those convictions reduced to misdemeanors. (Pen. Code, § 1170.18, subds. (a), (f).)

As relevant here, Proposition 47 redefined the offense of "petty theft." Under new Section 490.2, a person commits petty theft by "obtaining *any* property by theft where the

2

value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950)." (§ 490.2, subd. (a), italics added.) Section 490.2 mandates this offense "*shall* be considered petty theft and *shall* be punished as a misdemeanor," except in the case of certain violent or serious recidivists. (*Ibid.*, italics added.)

Before Proposition 47, petty theft was defined in the negative, by what it was not. Penal Code section 486 provides that all theft "is divided into two degrees, the first of which is termed grand theft; the second, petty theft." Grand theft was generally defined as theft of property worth more than $950 (dollar-amount grand theft). (Pen. Code, § 487, subd. (a).) However, the Penal Code made exceptions to this dollar-amount threshold for certain types of property (property-type grand theft). For example, theft of $250 worth of avocados was grand theft (Pen. Code, § 487, subd. (b)(1)(A)), as was theft of any automobile or firearm (Pen. Code, § 487, subd. (d)(1) [grand theft auto], (d)(2) [firearm]). (See generally Pen. Code, §§ 487-487j [provisions defining grand theft].) Penal Code section 488 defines petty theft as "theft in other cases."

Section 490.2 expanded the offense of petty theft by defining it as *any theft* involving property worth $950 or less. (§ 490.2, subd. (a) ["obtaining any property by theft . . ."].) One effect of this expansion was to eliminate the preexisting property-type grand theft offenses. Under the new definition of petty theft, the dollar-amount threshold ($950) is *the* deciding factor for whether a theft is grand or petty. (§ 490.2, subd. (a) [$950 threshold applies "[n]otwithstanding" Penal Code section 487 or any other provision of law defining grand theft].) In other words, the nature of the property no longer matters for determining the degree of the theft, only the value of the property

3

matters. However, the new definition of petty theft in Section 490.2 impacts more than just grand theft. Under Section 490.2, *all thefts* of *any property* worth $950 or less must be considered petty thefts and must be punished as misdemeanors.

B. *Section 490.2's Application to Section 10851*

Because Section 490.2 redefines and expands petty theft to encompass the act of obtaining any low-value property ($950 or less) "by theft," the question of whether Section 10851 convictions are affected by Proposition 47 comes down to whether such convictions are "theft" convictions. According to the California Supreme Court, they are when the conviction is based on the unlawful *taking* of a vehicle, as opposed to the unlawful *driving* of a vehicle (commonly referred to as joyriding): "[A] defendant convicted under section 10851(a) of unlawfully *taking* a vehicle with the intent to permanently deprive the owner of possession has suffered a *theft conviction*." (*People v. Garza* (2005) 35 Cal.4th 866, 871, italics added.)

Recognizing that some violations of Section 10851 are thefts, the analysis is straightforward. If all thefts are either grand or petty (Pen. Code, § 486) and, post-Proposition 47, a vehicle theft is petty if it involves property worth $950 or less (§ 490.2), then a theft violation of Section 10851 involving a vehicle worth $950 or less is now, by definition, petty. After Proposition 47, when the People charge a felony *theft* violation of Section 10851, Section 490.2 requires the prosecution to prove the vehicle was worth more than $950 in order to obtain a felony conviction. Because a low-value vehicle theft is now a misdemeanor (§ 490.2), Penal Code section 1170.18, which gives a petitioning

4

defendant the benefit of placing his felony conviction in the post-Proposition 47 world,[1] allows defendants convicted of vehicle theft under Section 10851 to petition for resentencing.

The language of Section 490.2 is both broad and clear. It broadly covers all thefts and clearly mandates that thefts be considered petty if the property stolen is worth $950 or less. Accordingly, if a petitioner can demonstrate his violation of Section 10851 was based on the theft of a vehicle worth $950 or less, he is eligible for resentencing under Penal Code section 1170.18 in accordance with the misdemeanor punishment provided in Section 490.2.

To conclude otherwise would create absurd results by eliminating Proposition 47's intended effect on low-value vehicle thefts. By explicitly referencing Penal Code section 487 in Section 490.2,[2] the initiative's drafters demonstrated they intended to reduce vehicle theft to a misdemeanor if the vehicle is worth $950 or less. (See Pen. Code, § 487, subd. (d)(1) [offense commonly known as grand theft auto was a wobbler].) The information on Proposition 47 in the official voter information guide underscores the intent to reduce punishment for low-value vehicle theft. The Legislative Analyst explained that theft of "certain property (such as cars)" could no longer be charged as grand theft after the passage of Proposition 47, if the property was worth $950 or less.

---

[1] Penal Code section 1170.18, subdivision (a), allows a defendant currently serving a sentence for a felony conviction to petition to have that felony reduced to a misdemeanor if he "*would have* been guilty of a misdemeanor under [Proposition 47] . . . *had [it] been in effect at the time of the offense*." (Italics added.)

[2] Section 490.2 begins: "Notwithstanding [Penal Code s]ection 487. . . ."

(Cal. Voter Information Pamp., Gen. Elec. (Nov. 4, 2014) p. 35 at

<http://www.vig.cdn.sos.ca.gov/2014/general/en/pdf/complete-vigr1.pdf> [as of June 15,

2016].)  The intent to eliminate prosecutorial discretion regarding low-value vehicle

thefts will be nullified if the prosecution can ignore the mandate in Section 490.2 and

charge such thefts as felonies under Section 10851.

C.     *Opposing Arguments*

The remainder of my concurrence addresses the arguments of the opposing view,

that Section 10851 convictions are categorically ineligible for resentencing under

Proposition 47.  There are five main arguments supporting this view.

1.     *Section 490.2's opening clause*

The first argument is that vehicle thefts under Section 10851 are not affected by

the new definition of petty theft because Section 10851 is not explicitly mentioned in

Section 490.2's opening clause.  This clause provides that the new definition of petty

theft applies "[n]otwithstanding" any provision defining grand theft.  (§ 490.2, subd. (a).)

This clause is a limiting provision.  (Accord, *Solis*, *supra*, 245 Cal.App.4th at

p. 1108 [the opening clause of § 490.2 is a "nonrestrictive phrase [that] does not limit the

rest of the sentence, the plain language of section 490.2 stands on its own"].)  In my

view, the purpose of the opening clause is to clarify that the new definition of petty theft

abolishes the former property-type grand theft and replaces it with dollar-amount grand

theft. Section 490.2 eliminates any previous categorization of thefts, such that *all theft

offenses*—regardless of whether the statute setting out the offense identified it as grand,

petty, or neither—must be considered petty if the offense involves property worth $950

6

or less. This interpretation is supported by the plain language of Section 490.2, subdivision (a), which clearly states that it applies to the act of "obtaining any property by theft." As Judge J. Richard Couzens and Presiding Justice Tricia A. Bigelow observe in their treatise on Proposition 47, "[n]o effort was made to include [in Section 490.2] every conceivable offense which may be classified as theft." (Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (May 2016) p. 119, at <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of June 15, 2016].)

Furthermore, if the opening clause functioned as a limiting provision, Section 490.2 would redefine only *grand theft* (as opposed to redefining petty theft) and subdivision (b) of Section 490.2 would not make sense. Section 490.2, subdivision (b), states: "This section shall not be applicable to any theft that may be charged as an infraction pursuant to any other provision of law." This subdivision indicates Section 490.2 is intended to apply to more than just grand theft. Otherwise, there would be no reason to clarify that Section 490.2 does not apply to thefts that can be charged as infractions, as grand thefts never can be charged as infractions. (Pen. Code, § 489.)

2. *Offenses listed in Penal Code section 1170.18*

The second argument is that Section 10851 is not affected by Proposition 47 because the offense is not listed in Penal Code section 1170.18, the resentencing provision. This argument is used frequently, but is based on a false premise. It assumes the list of code sections in Penal Code section 1170.18, subdivision (a) is a list of offenses affected by Proposition 47, when this is not the case. Rather, it is a list of code sections that contain Proposition 47's new sentencing provisions.

7

Penal Code section 1170.18, subdivision (a), allows defendants to petition for misdemeanor resentencing under Proposition 47 "in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code." Each of these sections contain Proposition 47's misdemeanor sentencing provisions. Not included in this list are the myriad offenses affected by these new sentencing provisions, such as grand theft (Pen. Code, § 487), second degree robbery (Pen. Code, § 459), forgery (Pen. Code, § 476), as well as vehicle theft (§ 10851).

The list is not intended to contain every offense affected by Proposition 47, it contains only the provisions that set forth punishment. Thus, the fact that Section 10851 (or Pen. Code, §§ 459 or 476 for that matter) is not listed in Penal Code section 1170.18 does not indicate Proposition 47 did not reclassify the offense as misdemeanor (when the value of the vehicle is $950 or less).

### 3. *No direct amendment to Section 10851*

The third argument is that Proposition 47 did not directly amend Section 10851. This argument posits that because Proposition 47 left the wobbler punishment language in Section 10851 intact, the voters intended to allow the prosecution to retain its discretion to charge those offenses as felonies. (§ 10851, subd. (a) [violations of this subdivision are punishable as either a misdemeanor or felony].)

While it is generally true our penal provisions afford the prosecution discretion to charge a defendant under the offense carrying the highest punishment, Proposition 47 was enacted for the specific purpose of *removing* prosecutorial discretion with regard to punishing certain nonserious offenses. (Cal. Voter Information Pamp., Gen. Elec., *supra*,

8

text of Prop. 47, §§ 2-3, p. 70 [overall purpose of the initiative was to "ensure that prison spending is focused on violent and serious offenses" by "[*r*]*equir*[*ing*] misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession"], italics added.) To achieve this purpose, Section 490.2 removed prosecutorial charging discretion for low-value property thefts. (See § 490.2, subd. (a) [all thefts of property worth $950 or less "shall be considered petty theft"].)

This prosecutorial discretion argument underscores the importance of my point about creating absurd results. As noted above, it is clear the voters intended to remove prosecutorial discretion to charge low-value vehicle thefts as felonies under Penal Code section 487. (See § 490.2, subd. (a) [explicitly referencing Pen. Code, § 487].) The voters would not go through the trouble of enacting Section 490.2 for that purpose if the prosecution could simply charge the same offenses (low-value vehicle thefts) as felonies under a different penal provision. (§ 10851.) In order to effectuate the clear intent of Section 490.2 as well as Proposition 47's goal of reducing prison spending for low-value vehicle thefts, we must apply it to both Penal Code section 487 and Section 10851.

4.    *Maxim against surplusage*

The recent case of *Solis*, *supra*, 245 Cal.App.4th 1099 raised two more arguments in support of Section 10851's ineligibility. The majority in *Solis* interpreted the plain language of Section 490.2 (correctly) as broad enough to encompass thefts under Section 10851. (*Solis*, *supra*, at pp. 1108, 1110-1111 [conceding that, grammatically and conceptually, § 490.2 could apply to thefts under § 10851].) However, the majority ultimately concluded such violations are categorically ineligible for resentencing based

9

on the maxim of statutory construction advising against "a construction that renders a word surplusage." (*Solis*, *supra*, at pp. 1110-1111, citing *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798.) Applying this maxim, the majority reasoned that the inclusion of Section 10851 alongside "grand theft" and "petty theft" in Penal Code section 666 (the provision increasing the punishment for petty theft with a prior for certain offenders) is "a significant indication that the voters did not consider Section 10851 a variety of petty theft." (*Solis*, *supra*, at p. 1110.) The majority explained that if the initiative drafters considered violations of Section 10851 a "species of petty theft—a term they defined in section eight (adding § 490.2)—there would have been no need to designate it as a separate predicate in section 10 (amending Pen. Code, § 666)." (*Solis*, *supra*, at p. 1110.)

Like the author of the concurring opinion in *Solis*, I disagree with this argument. (*Solis*, *supra*, 245 Cal.App.4th at p. 1114 (conc. opn. of Aldrich, J.).) The reference to "auto theft under Section 10851" in Penal Code section 666 is not rendered surplus to "petty theft" simply because *some* auto thefts under Section 10851, *subdivision* (*a*) constitute petty thefts under Proposition 47. The offense remains listed in Penal Code section 666 to cover the thefts under Section 10851 that do not constitute petty thefts under Section 490.2, such as thefts of vehicles worth more than $950 in violation of

10

Section 10851, subdivision (a), and thefts of the specialized vehicles described in Section 10851, *subdivision* (*b*).**3**

Furthermore, the maxim against surplusage is simply a discretionary guideline to aid in ascertaining the meaning of the statute. Interpretive maxims should not be rigidly employed if doing so would contravene the plain meaning of an unambiguous statute like Section 490.2. (See, e.g., *Mejia v. Reed* (2003) 31 Cal.4th 657, 663 ["When the plain meaning of the statutory text is *insufficient* to resolve the question of its interpretation, the courts may turn to rules or maxims of construction 'which serve as *aids* in the sense that they express familiar insights about conventional language usage' "], italics added.)

     5.    *Maxim of general versus specific*

The majority in *Solis* also relies on the general/specific interpretive maxim to explain why the broad language of Section 490.2 does not apply to Section 10851. The majority concludes the latter section is a more specific offense than the former and "in the event a broader law conflicts with a specific one, the specific controls." (*Solis*, *supra*, 245 Cal.App.4th at p. 1111.)

The application of this maxim is not appropriate in this context because vehicle thefts under Section 10851, subdivision (a) are not more specific offenses than the vehicle theft offenses Section 490.2 covers. Section 490.2 applies to the specific offense of vehicle theft. (§ 490.2, subd. (a) ["[n]otwithstanding [Penal Code s]ection 487"].)

---

**3** Under Section 10851, subdivision (b), it is a felony to steal ambulances, distinctively marked law enforcement or fire department vehicles on emergency calls, and vehicles that have been modified for the use of a disabled veteran or any other disabled person and display a distinguishing placard or plate.

Section 10851, subdivision (a), "proscribes a wide range of conduct" (*People v. Jaramillo* (1976) 16 Cal.3d 752, 759), including vehicle theft (*People v. Garza*, *supra*, 35 Cal.4th at p. 871). To the extent a violation of Section 10851, subdivision (a) is based on a vehicle theft (as opposed to joyriding), Section 490.2 applies to that specific conduct by mandating misdemeanor punishment if the stolen vehicle is worth $950 or less. Because Section 490.2 and Section 10851, subdivision (a) cover the same conduct, the specific/general interpretive canon is unhelpful in the context of those two provisions. (See *Mejia v. Reed*, *supra*, 31 Cal.4th at p. 666 [concluding the specific/general canon "offer[ed] no assistance" where each statute was "at least as specific" as the other].)

The concurring opinion in *Solis* points to subdivisions (b) and (e) of Section 10851 to demonstrate that it is a more specific provision than Section 490.2. The concurring opinion concludes that because these subdivisions conflict with Section 490.2, the new definition of petty theft is not intended to apply to Section 10851. (*Solis*, *supra*, 245 Cal.App.4th at pp. 1116-1118 (conc. opn. of Aldrich, J.).) Though Section 10851, subdivisions (b) and (e) *are* more specific provisions, that is not a reason for concluding Section 490.2 does not apply to Section 10851, *subdivision (a)*. Under the interpretation advanced here, Section 490.2 works in harmony with the other subdivisions of Section 10851. The new definition of petty theft simply carves out a distinct offense from subdivision (a) of Section 10851, and leaves the remainder of the provision intact.

As noted above, subdivision (b) of Section 10851 prescribes felony punishment for the offense of taking or unlawfully driving specialized vehicles under certain circumstances. The *Solis* concurring opinion finds potential for conflict where a

12

defendant steals a specialized vehicle described in Section 10851, subdivision (b), worth $950 or less because that defendant would be "sentenced only as a misdemeanant, rather than to the two-, three-, or four-year term specified by subdivision (b)." (*Solis*, *supra*, 245 Cal.App.4th at p. 1118 (conc. opn. of Aldrich, J.).) It is a mistake to conclude the defendant in that circumstance would be punished as a misdemeanant. Proposition 47's new definition of petty theft does not apply to violations of Section 10851, subdivision (b) because those offenses are more specific (by virtue of the special nature of the vehicles) and more serious (by virtue of the felony punishment). If the drafters intended Proposition 47 to apply to those offenses, they would have made that intention clear. In the hypothetical the *Solis* concurrence poses, the defendant would still receive felony punishment. Moreover, even if Section 490.2 did apply to other subdivisions of Section 10851 (there is no reason to think it does), it is difficult to imagine any of the specialized vehicles described in Section 10851, subdivision (b) having a value of $950 or less.

Section 10851, subdivision (e), provides that recidivists are punishable as set forth in Penal Code section 666.5. Under these two provisions, a defendant who is convicted of a felony violation of Section 10851 and who has previously been convicted of the same offense, must be punished under Penal Code section 1170, subdivision (h) for two, three, or four years. (§ 10851; Pen. Code, § 666.5.) The *Solis* concurring opinion finds potential for conflict where "[a] recidivist who stole a vehicle worth less than $950 could not be punished for his or her recidivism," because "under [Penal Code] section 666.5 both the current and prior crimes must be felonies." (*Solis*, *supra*, 245 Cal.App.4th at p. 1118 (conc. opn. of Aldrich, J.).) This scenario creates no conflict. Section 10851,

13

subdivision (a) is a wobbler offense, which means that even before Proposition 47, a recidivist could be convicted of a misdemeanor violation of that subdivision and therefore not qualify for sentencing under Penal Code section 666.5. All Section 490.2 does is mandate misdemeanor punishment for low-value vehicle thefts where previously the prosecution had discretion whether to charge that offense as a misdemeanor.

Section 490.2 does not conflict with any subdivisions of Section 10851.

D.     *Voters' Intent*

Finally, even assuming the language of Section 490.2 is ambiguous as to its application to Section 10851, the voters' intent supports the majority's eligibility conclusion. (See *People v. Rizo*, *supra*, 22 Cal.4th at p. 685 [when the language of an initiative is ambiguous, courts may look to " 'other indicia of the voters' intent' " to determine the initiative's meaning].) Proposition 47's overall purpose is to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Cal. Voter Information Pamp., Gen. Elec., *supra*, text of Prop. 47, § 2, at p. 70.) To achieve that end, the measure "[r]equire[s] misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft." (*Id.*, § 3, at p. 70.) Furthermore, the measure is to be "broadly construed to accomplish its purposes." (*Id.*, §§ 15, 18, at p. 74.) A broad construction of Section 490.2 would apply the new definition of petty theft to *all* vehicle thefts where the vehicle is worth $950 or less, not just vehicle thefts under Penal Code section 487, subdivision (d)(1).

14

For all these reasons, theft convictions under Section 10851, subdivision (a) qualify for misdemeanor resentencing if the petitioner can demonstrate the stolen vehicle was worth $950 or less.

E.     *Disposition*

I agree with the lead disposition affirming the denial of defendant's petition without prejudice, meaning he can refile his petition.  If defendant chooses to file a new petition, defendant should include evidence of his eligibility, that is, information or evidence tending to show he attempted to steal the vehicle and it was worth $950 or less. (*Perkins*, *supra*, 244 Cal.App.4th at pp. 136-137.)  Such evidence may include a copy of the probation report or a police report, the vehicle's Kelly Blue Book value, a declaration under penalty of perjury regarding his intent and the vehicle's value, or other evidence tending to show his attempted to commit a low-value vehicle theft.  (*People v. Smith* (May 24, 2016, No. E062858) ___ Cal.App.4th ___ [2016 D.A.R 4936 at p. 4940] [directing court to "permit Smith to supplement the record by submitting evidence related to the value of any stolen property or counterfeit bills connected with his conviction," such as "his own testimony, 'court documents, record citations, or other probative evidence showing he is eligible for relief'"], quoting *Perkins*, *supra*, at p. 140; see also *Sherow*, *supra*, 239 Cal.App.4th at p. 881.)  Whether the evidence defendant submits to

support his petition is admissible is a determination for the trial court to make in the first instance.[4]

SLOUGH                    
J.

---

[4] Because Section 1170.18, subdivisions (a) and (b) are silent on the evidence a petitioner may use to establish eligibility, the normal rules of evidence apply. "Except as otherwise provided by statute, all relevant evidence is admissible" (Evid. Code, § 351), and relevant evidence means any evidence "having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) To be sure, other provisions of the Evidence Code limit the admissibility of relevant evidence, for instance, if its probative value is substantially outweighed by the likelihood of prejudice or confusion (Evid. Code, § 352) or if it takes the form of hearsay (Evid. Code, § 1200). But these bases for excluding relevant evidence are complex, subject to exceptions, differ in the sentencing context, and are amenable to waiver.